# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1888.

### No. 2365.

### CITY OF GALVESTON ET AL. *v.* SARAH A. WILLIAMS.

1. DEDICATION.—In order that a city may claim rights under a proffer made by an individual to dedicate property for the use of the city, there must have been some act indicating within a reasonable time, an acceptance of the dedication.
2. EASEMENT.—A right to an easement on land acquired by deed, is lost by an occupancy of the property by another, claiming under a deed recorded. after five years of such occupancy.
3. RIGHT OF WAY—LIMITATION.—A right of way may be barred by an adverse holding of the servient estate; following Bowen v. Team, 6 Richardson (S. C.), 296, and City v. Lufkin, 23 Texas, 349.
4. CASES REVIEWED.—Gilder v. City of Brenham, 67 Texas, 345; Arnold v. Stevens, 24 Pick., 106; White v. Crawford, 10 Massachusetts, 183; Wiggins v. McLeary, 49 New York, 346, and Slocum v. Railway Company, 11 Northwestern Reporter, 461, reviewed.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*Trezevant & Franklin,* for appellants: On their proposition that if land is conveyed as bounding on a street, this is not merely a description, but an implied covenant that there is such a street, and the grantor and those claiming under him are forever estopped from disputing the existence of such street, cited 1 Hill, 189; Van O'Linda v. Lathrop, 21 Pickering, 292; Zwing v. Ruber, 74 Illinois, 409; Parker v. Smith, 17 Massachusetts, 411; Howe v. Alger, 86 Massachusetts, 206; 2 Dillon's Corporation Cases, secs. 640, 642; 21 Central Law Journal, 459; Washburne on Easements, section 3; Oswald v. Grenet, 22 Texas, 94; Point

Pleasant Land Company v. Cranmer, 2 Central Law Reporter, 746; Reopening Pearl street, 2 Central Law Reporter, 308; Carter v. Portland, 4 Oregon, 339; Hawley v. Baltimore, 33 Maryland, 270; Livingston v. Mayor, 8 Wendell, 85; Wyman v. Mayor, 11 Wendell, 487; 19 Wendell, 128.

That the public failing to use a street dedicated to its purposes does not authorize the dedicator to resume possession, they cited 2 Dillon on Municipal Corporations, sec. 642; Point Pleasant Land Company v. Cranmer, 2 Central Law Reporter, 746; Barclay v. Howell, 6 Peters, 496; Trustees v. City of Hoboken, 33 New Jersey Law, 13; Stone v. Brooks, 35 California, 489; Shea v. City of Ottumwa, 24 Northwestern Reporter, 582; Guthrie v. New Haven, 31 Connecticut, 321; Prince v. McCoy, 40 Iowa, 533; Lamar County v. Clements, 49 Texas, 347; Chicago v. Wright, 69 Illinois, 318; City of Denver v. Clements, 3 Colorado, 472; McLemore v. Haden, 13 Wisconsin, 159; Wyman v. The State, 13 Wisconsin, 663; Kinklener v. School Directors, 11 Pennsylvania State, 144.

That where an easement is acquired by contract, no length of time of mere nonuser will operate to impair or defeat the right, they cited Revised Statutes, article 3198; Washburne on Easements, 669, 670, 672; Tiedeman on Real Property, section 605; Angell on Limitations, 386; 3 Kent, 449; Arnold v. Stevens, 24 Pickering, 106; White v. Crawford, 10 Massachusetts, 183; Wiggins v. McLeary, 39 New York, 346; Smyles v. Hastings, 22 New York, 217; Slocumb v. Chicago, Burlington & Quincy Railway, 11 Northwestern Reporter, 641.

That where a vendee purchases urban lots with reference to a plat designating streets and as bounding thereon, and stipulates with reference thereto, he becomes entitled to all the appurtenant advantages and easements which the plat and his vendor proclaims to exist, so far as the land embraced is owned by the grantor, and an acceptance by the public is not essential or necessary to his use or enjoyment of his right, they cited Washburne on Easements, 181, 220, 240; Lamar County v. Clements, 49 Texas, 349; City of Denver v. Clements, 3 Colorado, 472; Farnsworth v. Taylor, 9 Gray, 162; Wiggins v. McLeary, 49 New York, 346; Taylor v. Hopper, 62 New York, 649; Zwing v. Ruber, 74 Illinois, 409; Korner v. Belvey, 44 Michigan, 391; Smith v. Locke, 18 Michigan, 56; Baker v. Johnson, 21 Michigan, 319, 351; Welder v. St. Paul, 12 Minnesota, 203; Becker v.

St. Charles, 37 Missouri, 13; Fisher v. Beard, 32 Iowa, 346; Klinkener v. School Directors, 11 Pennsylvania State, 144.

*F. Charles Hume,* for appellee: It appearing that, in so far as the city is concerned, no claim of a dedication of the street is made save such as is alleged to have resulted from the transactions between Lawther and Hatch, the city never had a cause of action. (Blair v. Odin, 3 Texas, 299, 300; Badeau v. Mead, 14 Barb., 339; Bangor v. Brown, 33 Maine, 314; State v. Bradbury, 40 Maine, 157; Remington v. Millard, 1 R. I., 97; Simmons v. Munford, 2 R. I., 183; Westfall v. Hunt, 8 Ind., 178; Detroit v. Detroit M. R. Co., 23 Michigan, 208; Bushman v. Gibson, S. C. Neb., 18 The Reporter, 503; Landis v. Hamilton, 77 Mo., 554; 4 Am. and Eng. Railway Cases, 491; Tillman v. People, 12 Mich., 405; Field v. Manchester, 32 Michigan, 280; Holdaman v. Cold Springs, 21 New York, 477; Brizzalaro v. Senour, Ky., Oct., 1884, 19 The Reporter, 11.)

If the city ever had a cause of action it was barred at the date of the institution of the suit by the statute of limitations, and the rule of laches and stale demand. (Revised Statutes, arts. 3191 to 3199, 3207; Galveston v. Menard, 23 Texas, 408; Bowen v. Team, 6 Richardson, 300; Field v. Manchester, 32 Michigan, 281; Brazzalaro v. Senour, Ky., Oct. 1884, 19 The Reporter, 11.)

GAINES, ASSOCIATE JUSTICE. "Out lot" number 114, according to the original plan of the city of Galveston, was bounded on the east by Twenty-ninth street, on the west by Thirty-first street, on the north by Avenue Q, and on the south by Avenue R. No streets were laid off across it, but Thirtieth street, if prolonged sufficiently far directly south, would have extended through it. On th ninth of June, 1884, one R. R. Lawther was the owner of the entire north half of this lot, by a regular chain of conveyances from the Galveston City Company, who originally laid out and mapped the city. On the day above named Lawther sold and conveyed to one Hatch a portion of his half of said lot, describing it as follows: "Lots 6 and 7 of the northwest quarter of out lot numbered 114, containing a front of eighty-five feet ten inches on Avenue Q, and a depth of 130 feet on Thirtieth street. Said lots commencing at the northeast corner of said northwest quarter of out lot 114, running west thence eighty-five feet ten inches along the

north side of Avenue Q; thence south, parallel with Thirtieth
street, 130 feet; thence east, parallel with Avenue Q, eighty-five
feet ten inches; thence north, parallel with Thirtieth street, one
hundred and thirty feet, to the point of beginning."

J. R. Coryelle became the owner of the parcel sold to Hatch,
by a regular chain of conveyances, in all of which the same
description was followed. At the date of Lawther's deed to
Hatch that portion of the out lot which would be embraced in
the prolongation of Thirtieth street was within the former's en-
closure, and was occupied by his stables, horse lot and gardens.
On the ninth of June, 1875, Lawther sold and conveyed to J. M.
Williams, the husband of appellee, another parcel of his half of
out lot one hundred and fourteen, describing it in his deed as fol-
lows: "All that portion of out lot number 114, in said city of Gal-
veston, which is included within the following bounds, viz: com-
mencing at the northeast corner of said out lot 114, which is at
the corner of Twenty-ninth street and Avenue Q, according to the
plan of said city; thence running in a westwardly direction with
the south boundary line of Avenue Q three hundred and eighty
feet; thence south on a line parallel with said Twenty-ninth
street one hundred and thirty feet; thence east on a line paral-
lel with said Avenue Q three hundred and eighty feet to the
western boundary line of Twenty-ninth street; thence with said
west boundary line one hundred and thirty feet to the place of
beginning."

This description embraces the portion of the lot now claimed
to be Thirtieth street, which portion is the subject matter in
controversy in this suit. Williams's deed was duly recorded on
the day of its date. Lawther's enclosure and improvements re-
mained upon the lot, completely obstructing it for the purposes
of a street until he sold to Williams, since which time Williams
during his life time and appellee as his widow since his death,
have continued to occupy it, maintaining such enclosure and
obstructions and paying all tax on the same up to the date of
the trial in the court below. It also appears that when Lawther
sold to Hatch, he agreed that a street coinciding with the pro-
longation of Thirtieth street should be opened through his por-
tion of the out lot.    .  ·

The court below found the facts substantially as we have set
them forth, though no evidence appears in the record.

This suit was instituted on the twenty-ninth of September,
1884, by the city of Galveston against Mrs. Williams and her

tenant, Charles Miller, for the purpose of having the property in controversy declared and adjudged a street, and on the twenty-eighth of May, 1886, Joseph R. Coryelle intervened in order to establish an easement in the property appurtenant to the lot claimed by him under the conveyance from Lawther to Hatch. The court below found as conclusions of law, that the city never acquired any right to the property as a street, and that the intervenor was barred of his action by the statute of limitations, and gave judgment accordingly.

We are of opinion that the court below was correct in both conclusions. Even if there had been a dedication to the public so far as Lawther was concerned, there never having been any act on the part of the city recognizing or accepting the dedica- tion, it must be held under the authority of Gilder v. The City of Brenham, 67 Texas, 345, that it acquired no right to claim the property in controversy for the purposes of a street. The pres- ent is even a stronger case against the claim of a dedication than that cited. Here the parcel of land in controversy was enclosed at the time of the dedication so as to completely ob- struct the use of it as a public way, and has so remained until the trial of the case in the court below. In the case cited, the property sought to be claimed had for a long time been left un- enclosed and the public permitted to pass over it at will In case of a proffered dedication of a street in a town or city, there must be some act indicating an acceptance of the dedication within a reasonable time. (Field v. Manchester, 32 Mich., 279.)

It may be that the language in the deed from Lawther to Hatch was sufficient to invest the grantee and those holding under him with an easement in the property in controversy, but if so, the right has been lost by the failure to bring suit within five years from the date of the registration of the deeds from Hatch to Williams. The lot being enclosed and the property in controversy being obstructed at the time of the conveyance to Hatch, we are not prepared to hold that the mere fact of its re- maining in Lawther's possession and in the same condition would set in operation the statute of limitation. (Evans v. Templeton, Tyler Term, 1887.) But the sale and conveyance by warranty deed of Lawther to Williams of the parcel of land which embraced within its boundaries the proposed street, and the occupancy by the latter of the strip in controversy, with the improvements which obstructed the way, were acts unequivo- cally hostile to the easement claimed by the owner of the domi-

nant estate and made the possession adverse, according to the definition contained in our statutes. (Rev. Stats., art. 3198.) But it is contended on behalf of appellant Coryelle that a right of way being incorporal, is not capable of possession. This seems to be the opinion of the American editors of Smith's Leading Cases, who, criticising the opinion of a majority of the court in Bowen v. Team, 6 Richardson, 296, say: "A mistake, perhaps, of this majority was in regarding the obstruction as a possession of the easement, this being a sort of property not capable, perhaps, of being considered apart from its enjoyment. (Dovaston v. Payne, 2 Smith's Leading Cases, fifth Am. ed., note p. 211.) We have carefully examined the cases cited by appellant's counsel in support of this proposition, and none of them sustain it. In the following, the question was whether the easement had been lost by nonuser: Arnold v. Stevens, 24 Pick., 106; White v. Crawford, 10 Mass., 183; Wiggins v. McLeary, 49 N. Y., 346. Sinelas v. Hastings, 11 N. Y., 341. Some of these recognize the doctrine that the statute of limitations would apply if there had been a possession hostile to and inconsistent with the right claimed. The other case cited is Slocumb v. Railway, 11 Northwestern Reporter, 641, and there the court say: "The possession of plaintiff was not adverse to nor inconsistent with the right of defendant to occupy the whole right of way whenever it becomes necessary or desirable for it to do so." That a right of way may be barred by an adverse holding of the servient estate is clearly decided in Bowen v. Team, supra, and Yeakle v. Nace, 2 Wharton, Pennsylvania, 123. This doctrine is also recognized in Jamison v. Walker, 77 Massachusetts, 423, and in Bannon v. Augier, 84 Massachusetts, 128. But the decision of our own court in the City of Galveston v. Menard, and the City v. Lufkin, 23 Texas, 349, is directly in point and is decisive of the question in favor of appellee. What we have said we think sufficient to show that the opinion in that case is in the line of authority and should be sustained.

Upon the pleadings and the findings of fact by the judge in the court below, no other judgment could properly have been rendered, save one for defendant. It will therefore be affirmed.

*Affirmed.*

Opinion delivered January 6, 1888.