### SAUNDERS v. ZUMWALT.

#### No. 12704.

Court of Civil Appeals of Texas. Fort Worth.

June 18, 1932.

Rehearing Denied Sept. 24, 1932.

Joe S. Gambill, of Denton, for appellant.

Ed. I. Key, of Denton, and J. A. Templeton, of Fort Worth, for appellee.

CONNER, C. J.

This suit was instituted by J. L. Zumwalt on the 14th day of February, 1931, against Dr. Charles Saunders, seeking injunctive proceedings to compel Dr. Saunders to move the fence maintained by him on the east line of his land, alleging that said fence had been erected and maintained in and upon some 15 feet of what is alleged to be a public road extending north and south between the lands owned by Dr. Saunders and the land owned by plaintiff Zumwalt.

Defendant, besides exceptions and demurrers, denied that the road designated by plaintiff was a public road, and further alleged that, if it ever had been, it had long since been discontinued and abandoned, and that the fence as now existing had been maintained in its present location more than 10 years. He further alleged that, at the time of his purchase, which was under a valid general warranty deed from the lawful owner, the fence in question was in its present location, and that he purchased for a valuable consideration without notice that it to any extent encroached upon the alleged public road.

The trial was before the court without a jury. The court filed findings of fact and conclusions of law which support the claim of plaintiff, and judgment was rendered commanding the defendant, Saunders, to move his fence back some 15 feet from its present location, as prayed for by the plaintiff, within 15 days from the date of the judgment, which was rendered on July 18, 1931.

Defendant excepted to that judgment, gave notice of appeal, gave a supersedeas bond, and the case is now before us for determination.

The material question presented for our determination is whether the evidence sufficiently supports the trial court's findings of fact and the judgment. We have concluded, after a careful examination of the evidence as presented both in the briefs of counsel and in the statement of facts, that it does not, and that the judgment must be reversed and the cause remanded on this ground.

The title of neither of the present litigants is questioned, nor is it disputed that the line of appellant's fence as now existing is located upon the true east line of his tract of land. We shall not with any great particularity discuss the evidence in view of another trial, but in a general way it shows that the north boundary line on appellant's land is bordered by Clear creek; that from Clear creek a roadway, designated as the Martin Valley and Valley View road, originally extended south between the lands in question and on and across a public road extending east and west along the south boundary line of appellant's land, to what was designated as the Martin schoolhouse; that the Martin schoolhouse has been abandoned more than 20 years, and the evidence fails to show whether the road which extends south from the southeast corner of appellant's land to the schoolhouse as formerly located is traveled at all. The road in question terminated on the north at the south bank of Clear creek where a gate was maintained. It further appears that it is now, and has been for an indefinite period, practically impassable except on horseback, because of washes and chug holes. No order of the commissioners' court was introduced showing that the road had ever been established as a public road of any class or had been recognized or worked under the direction of the commissioners' court or of any road commissioner having jurisdiction of roads in that vicinity.

In the case of City of Galveston v. Williams, 69 Tex. 449, 6 S. W. 860, it is held that a right to an easement on land acquired by deed is lost by an occupancy of the property by another, claiming under a deed recorded after five years of such occupancy, and the evidence fails to show that the road in question has been traveled or used to any material extent for some 10 or 15 years, and was termed by some of the witnesses as a wood road to and from the timbered land on the south bank of Clear creek. There is also cogent evidence on the part of previous owners of the Saunders land, whose title Saunders acquired, that the fence in question as now extended is substantially as it was originally built more than 10 years ago, and that appellant at the time of his purchase did so in good faith without knowledge on his part of any encroachment upon the road in question. It further distinctly appears that for as long as 10 years or more the members of the commissioners' court having jurisdiction over the public roads in the vicinity failed to recognize the road as a public road, and all parties seem to have failed for many years to make any effort to work or keep it in repair. The record further discloses that appellant throughout the course of the introduction of the testimony made a number of objections, which were overruled, to testimony of witnesses in behalf of appellee on the ground that it was hearsay or otherwise incompetent. While such rulings

cannot be made the basis of a reversal, the trial having been before the court, we do not feel entirely convinced that the court in making his conclusions of fact may not, to some extent at least, have considered and been influenced by some objectionable testimony. So that, under all of the circumstances as they appear in the present record, we feel unwilling to sustain an order which in its effect will constitute a taking of a portion of appellant's land without compensation in violation of section 17 of our Bill of Rights, declaring that "no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person, * * *" or to impose upon Denton county the necessary expense involved in the performance of the duty of its road commissioners to "see that all roads and bridges in his district are kept in good repair, * * *" as required by article 6738, Rev. Civ. Statutes.

For the reasons stated, we conclude that the judgment should be reversed, and the cause remanded for another trial.