**SCHNITZENDABLE et ux. v. HASTING et al.**

No. 9723.

Court of Civil Appeals of Texas. San Antonio.

Oct. 21, 1936.

Thos. B. Smiley, of Karnes City, for appellants.

Wiseman & Murray, of Floresville, for appellees.

BOBBITT, Justice.

On March 29, 1934, appellants, Otto and Mary Hasting Schnitzendable, instituted this suit by filing their original petition in the district court of Wilson county, which case went to trial on their

fourth amended original petition. They alleged in such fourth petition that they were the owners of 78 acres of land in Wilson county, Tex., being tracts Nos. 4, 5, and 6, according to the partition plat, as set out in the transcript, made of the Walter Hasting's 210-acre tract of land; that appellee C. E. Hasting was the owner of tracts Nos. 2, 3, 6½, and 7 of the Walter Hasting tract, and that Mrs. Sallie Davis was the owner of the remaining tract No. 1 of said Walter Hasting land, which was partitioned by agreement of all owners in 1924; that Will Hasting owned land on the west of appellants' land, and C. E. Hasting owned other land adjoining appellants' land; and that appellants' land was completely surrounded by the lands owned by appellees.

Appellants alleged that, while Walter Hasting owned the said 210-acre tract, an old road led out across his land, and onto the public road, which old road ran in a northerly direction, and was from time to time changed, but that it continued in the same general direction, and to the same place, the public road; that, when the Walter Hasting estate was partitioned among the heirs in the year of 1924, appellants acquired a portion of said land as an heir, and that C. E. Hasting was partitioned a part as grantee of one of the other heirs; that later both appellants and appellee C. E. Hasting purchased additional portions of the land; that, when C. E. Hasting purchased tracts Nos. 2 and 3, situated on the north of appellants, he closed up the old road which, as aforesaid, led across said tracts of the Walter Hasting land to the north.

Appellants alleged that, by reason of the closing of said road, they had been damaged in the rental value of their land, and that their land was also damaged by having no road of ingress or egress. Appellants further alleged an easement in said old road running across the Walter Hasting tract, and also a right to said road by prescription; and still further a right to a road across the land of appellee C. E. Hasting by implication, and a road of necessity across the land of the said C. E. Hasting, which was part of the old Walter Hasting tract of land.

Appellees, in addition to other defenses, pleaded that. appellants' cause of action for damages, if they had such, accrued more than two years before the filing of this suit, and is barred by limitation.

Appellees also interposed the five-year statute of limitation against appellants on their claim of a right of way across appellees' land, pleading such statute in complete accordance with all the requirements to make it effective, if supported by the evidence.

On the trial before a jury, appellant Otto Schnitzendable testified that, when he got back to his tract of land in 1926, he found a sign at the said old road across tracts Nos. 2 and 3, owned by C. E. Hasting, reading "no trespassing"; that he did not trespass thereon, and that he has never since said time used said old road, nor did he at that time, and he never has at any time since, asked permission of C. E. Hasting to use the road; that he never crossed the fence, and never claimed he had the right to go across the Hasting land to the north, but simply stated that he knew C. E. Hasting didn't want him to come over his land. Otto further testified that since 1926 he had not used the road running from the old Hasting house across and towards the north of tracts 3 and 4 and to tract 2, and on into the Davis place; that he did not have permission to use it; and that he kept off of it.

C. E. Hasting testified that he built a fence between tracts 3 and 4 across his part of the old Walter Hasting place from the east to the west line in 1926, closing up the old road across his own land; that no one had since used said road without his permission; that appellant Otto Schnitzendable never at any time claimed that he had a right of way across said tracts of land; that he purchased said land in 1926 or 1927; and that he had paid all taxes assessed against said land as they became due and no part of such taxes had ever been delinquent on any of his property.

■■ The record shows that when the old Hasting tract of land was partitioned, by agreement, by and between all the several owners of the respective tracts and parcels thereof, in 1924, no provision was made and no suggestion appears that appellants, or any other owners, then made any claim to or made provision for the alleged right of way or old road, as appellants now assert in this suit then existed. The partition deed is silent as to any such claim, and the written agreement between all the owners as of that date is presumed to contain the entire

agreement and understanding and to fix the rights of all the owners to the respective tracts and parcels of land they each acquired thereunder. If appellants had then the right to use such old road as they now claim in this suit, it was their privilege and duty to have then made provision therefor or at least to have made a claim thereto. They cannot, now, many years after they signed the partition deed with all the other owners, claim that their own written instrument does not mean what it plainly says, or that they now have valuable rights in these tracts awarded to other parties to the deed which are contrary to the plain terms of the instrument. Such partition deed expressly states: "And that each share shall be free from any and all claims of all the other parties hereto."

Furthermore, appellants themselves alleged in three petitions filed in this suit that C. E. Hasting and Will Hasting, in the year 1926, fenced in said community road, leaving said 78 acres (appellants' tract of land) entirely shut off from the outside world; that appellants moved on said land in December, 1925, and that appellees fenced said road in the fall, forcing appellants to leave their home, and that since 1927 appellants have been unable to work said land; that said 78 acres has been bottled up by the appellees for the years 1928 to 1934, inclusive, during all which time said land brought no revenue whatsoever; and that the once good improvements are ruined. Such former pleadings were introduced in evidence, as well as was the original partition deed. The deeds under which C. E. Hasting claims and owns title to that portion of the property held by him were also introduced in evidence showing he has so held the property since 1927.

■ When appellants had presented their evidence and rested, appellee Will Hasting requested the court to instruct the jury to return a verdict that appellants take nothing as to him, which request was by the court granted and the jury so instructed. Appellants complain of such action on the part of the trial court, and contend that they presented sufficient evidence to warrant a submission of the issues to the jury. We overrule such contention of appellants and affirm the action of the trial court. It is clear from the record before us that appellants offered no evidence to support their

charges against Will Hasting. Appellants only showed, as they alleged, that Will Hasting owned land adjoining their land and that of C. E. Hasting, but offered no evidence that Will Hasting was guilty of the alleged wrongdoing charged against C. E. Hasting as to the fencing of the lands and the closing of the old road. Will Hasting was therefore properly dismissed from the suit.

After the close of the testimony and all the evidence was in, and upon motion by appellee, the court instructed the jury to return its verdict that appellants take nothing as to appellee C. E. Hasting. The court further instructed the jury to return a verdict awarding appellants a road, 20 feet wide, along the west side of tracts 2 and 3, as described in the plat attached to appellants' fourth amended original petition, and for which appellants prayed in the alternative, as a road of necessity; the court further instructed the jury to assess the damages or cost for such road at the sum of $75, all of which the jury so found, and the court entered judgment accordingly.

■ A careful review of the record clearly reveals that it is our duty to affirm the action of the trial court. As to appellants' alleged claim for damages, we are strongly inclined to the opinion that the pleadings would not support a verdict in their favor, even if the questions had been submitted to the jury. However, we think there can be no doubt that the trial court properly instructed the jury to return a verdict in favor of C. E. Hasting on both the question of alleged damages and for a right of way across his lands. It is plain from the evidence, and especially from the testimony of appellant Otto Schnitzendable himself, that his cause of action for damages, if in reality he ever had any such, accrued more than two years prior to filing suit and is barred by the statute of limitations (article 5526, R.S.1925).

In respect to appellants' claim of a road or right of way across appellee's land by prescription, or an easement in the lands of appellee for the purpose of a right of way as alleged, appellants' own pleadings and testimony show that appellee C. E. Hasting fenced up the old road in the year 1926, and that it has been fenced continuously since that time and has been in the exclusive control of appellee, all with the full knowledge of appellants, and

718

the whole world. As above pointed out, appellant Otto Schnitzendable testified that the road was so closed in 1926, and that he never at any time used it or claimed any right to use it until this suit was filed, some ten·years later.

■ It is true, as contended by appellant, that a road or right of way may be established by prescription. It is likewise true that such rights which may have been so established may be entirely lost under our statutes of limitation. If appellants ever had or intended to establish their claim to the old road as a right of way or otherwise, under the facts presented in this record, they certainly waived or lost all such claims by their failure or refusal to assert their rights within the time and in the manner provided by law. As against appellants' claims, appellee C. E. Hasting pleaded and proved every requirement and element necessary and proper to defeat such claims under the five year statute of limitation. As a matter of fáct, appellants' own pleadings and testimony are sufficient to defeat all the claims and contentions they here assert against C. E. Hasting. The trial court, therefore, properly' instructed the jury to return the verdict for appellees. Article 5509, R.S.1925; Watts v. Gibson (Tex.Civ.App.) 33 S.W. (2d) 777, and cases there cited.

■ Appellants pleaded, in the alternative, for a road of necessity and a road by implication, and prayed judgment of the court to that effect. Appellants contended that they had, prior to the filing of this suit, sought to have the commissioners' court of Wilson county lay out and establish a road for their benefit, but had been unsuccessful 'in such efforts. The record shows in this respect that a contract and agreement was made between the landowners, at the instigation or with the approval of the commissioners' court, but that such arrangement failed because of the failure or refusal of appellants to · meet the terms of the agreement. In any event, the action of the commissioners' court of Wilson county is not properly before this court in this cause, and all such questions or issues are of no concern to us as presented in this appeal.

■ The result of the action of the trial, in so far as appellants' claim for a road of necessity and by implication is concerned, is that appellants were ad·judged to have the use of a road as lo-cated and under the terms stated in the judgment of the trial court. Appellants' contention, on this appeal, that there is not sufficient evidence to support a judgment in their favor in this respect, is overruled. Certainly appellants·cannot be injured in securing substantially what they asked for in their alternative pleas, even if the evidence is weak to sustain them. They were deprived of no right. If perchance the trial court may have committed error in instructing the jury in appellants' favor on this issue, they certainly cannot be heard to complain, as they have not shown, and, under the record before us, could not show, any harm or injury as the result of the judgment in their favor. If such action of the trial court was error, which we do not find, then certainly as to appellants it was harmless.

For the reasons stated, the judgment of the trial court should be in all things affirmed, and it is so ordered.

MURRAY, J., did not participate in the decision of this case.