### CHENOWTH BROS. v. MAGNOLIA PETROLEUM CO. et al.

### No. 12642.

Court of Civil Appeals of Texas. Dallas.

April 15, 1939.

Rehearing Denied May 13, 1939.

R. T. Meador and Coombes & Coombes, all of Dallas, for appellant.

W. H. Francis, Walace Hawkins, A. M. Billings, Roy C. Ledbetter, H. P. Kucera, City Atty., and A. J. Thuss, Asst. City Atty., all of Dallas, for appellees.

LOONEY, Justice.

The parties will be referred to as in the court below. Plaintiffs (appellants here) brought this suit against Magnolia Petroleum Company, Central West Company, and the City of Dallas, claiming an easement for a street over lands belonging to the two private corporations, and seeking to have the same opened as an extension of Caroline Street. Plaintiffs alleged an implied way of necessity, also that the strip of land, for the alleged extension of Caroline Street, had been dedicated by the owners for such purpose. The Magnolia and Central West Companies each filed general denials and set up special defenses that will hereafter be discussed. At the conclusion of the evidence, the court directed a verdict for the defendants, and, rendering judgment accordingly, plaintiffs appealed.

Although plaintiffs alleged an implied easement over the lands in question under the "ways of necessity" doctrine, they present no proposition on that theory; hence, it will not be given further notice. They seem to have chiefly relied for recovery

on a dedicatory deed to the City of Dallas, executed May 31, 1916, by Henry G. Dannelly, Mrs. Isabella Scott (widow), and Mrs. M. L. Nix (widow), conveying to the City, in consideration of $1 and the opening up and grading for street purposes, a strip of land 40 feet wide through the parcels of land now owned by the Magnolia Petroleum Company and the Central West Company. The deed recites that, said strip of land is "to be used as the continuation of Caroline Street and is hereby dedicated to the use of the Public under the above conditions for the purposes of a road or street extending to the public ingress and regress through and over same but for such purposes only".

The uncontroverted statements in defendants' brief show that Henry G. Dannelly, plaintiffs' predecessor in title, did not own or have any interest in the lands over which the street is sought to be opened, at the time he joined in the execution of the deed above mentioned; that J. T. Rushing owned the land now claimed by Central West Company, but he neither joined in the deed, nor did he do anything in furtherance of the attempted dedication; that, at the time of the execution of said deed, the land now owned by the Magnolia Petroleum Company was owned, as tenants in common, by Mrs. Isabella Scott and her two sons, George and John McLeod; the mother owning an undivided one-half, and the sons each owning an undivided one-fourth interest, but that, neither of the sons joined in the dedicatory deed, nor is there any evidence that either took any action with reference to the attempted dedication. So, it appears that, no attempt was made by the owner of the land now claimed by Central West Company to dedicate any portion of same for an extension of Caroline Street, and that, the attempted dedication of the strip through the land now claimed by Magnolia Petroleum Company, was by Mrs. Scott alone, who only owned an undivided half interest. It is a well known principle of the law of easements that, in order to establish a dedication, it must appear that the dedicators owned title to the lands sought to be subjected to the easement. This doctrine was announced in Gladewater Lumber & Supply Co. v. City of Gladewater, Tex.Civ.App., 87 S.W.2d 527, 529, as follows: "It seems to be a well-established rule of law that where a party's rights depend upon a dedication of property, it is necessary to prove, not only a dedication, but the proof must go further and show that the dedicators had title to the property at the time it was dedicated; and this, it seems, was not done in this case. Abbott, Municipal Corporation, vol. 2, § 726, p. 1727; 18 C.J. § 104, p. 94." The same doctrine was announced in 14 Tex.Jur. p. 687, § 5, as follows: "A dedication can be made only by, or at the instance of, the owner of the land in fee, and only where the ownership is unqualified, that is to say, entire as distinguished from partial." Also, in 16 Amer.Jur. p. 355, § 11, as follows: "One tenant in common cannot dedicate any part of the land without the assent of his co-tenants." To the same effect, see Heilbron v. St. Louis Southwestern Ry. Co., 52 Tex.Civ. App. 575, 113 S.W. 610, 979; Note, 31 L.R.A.,N.S., 1023; also see Note, 31 L. R.A.,N.S., p. 1025.

But, if the instrument dated May 31, 1916, be given the effect of a valid offer of dedication by either of the grantors, yet, never having been accepted or acted upon by the City of Dallas, or by any authorized representative of the public, the offer conferred no right on the owners of adjoining property, to have the street extended through the lands in question. The Chenowth tract is vacant land, consisting of a white rock hill, covered with bushes; the adjoining Central West Company tract is fenced and has been for more than ten years, has a mule barn built across the proposed extension of Caroline Street; the Magnolia Petroleum Company tract is also fenced and has been for more than ten years, has gasoline steel storage tanks, fire-wall, and an iron fence along the proposed extension. An employe of the engineering department of the City government for more than thirty years, testified that, the City had never claimed under the proposed extension of Caroline Street through the property in question, nor had it opened or graded the extension.

In City of Galveston v. Williams, 69 Tex. 449, 6 S.W. 860, 861, Judge Gaines used the following pertinent language: "We are of the opinion that the court below was correct in both conclusions. Even if there had been a dedication to the public so far as Lawther was concerned, there never having been any act on part of the city recognizing or accepting the dedication, it must be held, under the authority of Gilder v. City of Brenham, 67 Tex.

345, 3 S.W. 309, that it acquired no right to claim the property in controversy for the purposes of a street." Also, in Huffman v. Alexander, Tex.Civ.App., 276 S.W. 959, 961, the Court said: "In order to constitute a dedication of private property for public use, it must clearly appear that the owner intended to absolutely and irrevocably set apart the land for public use, and same must either be accepted, or it must be so related to property surrounding it that its acceptance will be presumed, or that the delay in acceptance will be excused by reason of there being no necessity for its acceptance prior to the time the opening thereof is demanded."

The right to an implied easement over the lands in question, if any such ever existed in favor of plaintiffs' predecessors in title, under the "ways of necessity" doctrine, or under any other theory, in our opinion, was shown by the facts to have been barred under the five and ten years' statutes of limitation prior to the institution of the suit. See R.S. arts. 5509, 5510; Schnitzendable v. Hasting, Tex., 97 S.W.2d 715, 718, writ of error refused; Saunders v. Zumwalt, Tex.Civ.App., 52 S.W.2d 955. The City of Dallas never having asserted any rights to, or taken any action under the dedicatory instrument, the provisions of Article 5517, R.S., to the effect that no one shall ever acquire by limitation, as against a town, city, or county, any right or title to any road, street, etc., belonging to such town, city, or county, obviously have no application to the case under consideration.

Failing to find reversible error, the judgment of the trial court is affirmed.

Affirmed.

### On Rehearing.

Appellants move for rehearing, among others, on the following ground: "First. Because the Court erred in holding that the statements in defendant's brief show that Henry G. Dannelly, plaintiffs' predecessor in title did not own or have any interest in the lands over which the street is sought to be opened."

This assignment is leveled at the following statement in our original opinion; we said: "The uncontroverted statements in defendants' brief show that Henry G. Dannelly, plaintiffs' predecessor in title, did not own or have any interest in the lands over which the street is sought to be opened, at the time he joined in the execution of the deed above mentioned; * * *."

Appellants neither challenged the correctness of appellees' statement in a reply, nor do they challenge its correctness at this time; their position seems to be that, the Court was without authority to accept as correct, the unchallenged statement.

We overrule that contention, and, after considering all grounds urged for rehearing and believing same to be without merit, the motion is overruled.