724

## McDANIEL v. BURLINGTON–ROCK ISLAND R. CO.

### No. 2709.

Court of Civil Appeals of Texas. Waco.

March 13, 1947.

Rehearing Denied April 3, 1947.

Bowlen Bond, of Teague, for appellant.

W. W. Mason, of Mexia, and Bradley & Bradley and L. L. Geren, all of Groesbeck, for appellee.

HALE, Justice.

This action involves a claimed easement. Appellant owns 90 acres of land situated on the east side of appellee's railroad tracks. He instituted this suit on September 17, 1945, asserting the right to go across appellee's premises by means of an overhead bridge which was dismantled in the year 1936. He sought a mandatory injunction requiring appellee (1) to restore the bridge to its former condition or, in the alternative, (2) to provide a practicable, safe and reasonable crossing by which he might pass from his land over appellee's right-of-way to the west side thereof. Appellee answered with pleas of general denial, limitations and estoppel. The case was tried before a jury. Upon the conclusion of the evidence each party moved for an instructed verdict. The motion of appellant was refused, that of appellee was granted and judgment was accordingly rendered that appellant take nothing. Appellant says the court below thereby erred.

It appears that on August 31, 1905, J. P. Archer conveyed by general warranty deed, duly registered, to Trinity & Brazos Valley Railway Company, predecessor in title to appellee, a right-of-way extending through his farm in a general north-south direction for a distance of 748 feet. In laying out the grade for its tracks the T. & B. V. excavated a cut ranging from nine to twenty feet in depth through that portion of the right-of-way which it had acquired from Archer, fenced the same and constructed an overhead bridge of wood at the point where the cut was deepest, thereby providing a way by which Archer and others might pass over its premises from the east to the west side thereof. By the year 1921 the title to the 90 acres on the east side of the railroad tracks had passed through mesne conveyances from Archer to one party, while the title to the remaining portion of the farm on the west side of the tracks had passed to another party.

In the year 1936 appellee, with the consent of certain property owners along its right-of-way to the north of the premises in controversy, dismantled the overhead bridge and in lieu thereof it provided a

suitable grade crossing over its tracks at a point 1120 feet north from the northwest corner of the 90 acre tract, the property owners agreeing in connection therewith that their neighbors might pass over their respective lands in gaining access to the new grade crossing. Appellant purchased the 90 acres of land in the year 1940 for a consideration of $900.00 with full knowledge of the foregoing facts and he has been continuously using the new grade crossing under the arrangement which appellee made before dismantling the bridge in 1936. The cost of restoring the bridge at this time to its former condition would amount to approximately $6750.00 and the cost of constructing a grade crossing at that point would exceed $2000.00. On account of the cut in the right-of-way a grade crossing at that point would be hazardous. Appellee and its predecessor in title have paid all taxes becoming due on the right-of-way property for the years 1936 to 1946, inclusive, as they matured and before they became delinquent.

 In our opinion, under the pleadings and evidence in this case, the enforcement of any right which appellant and his predecessors in title might ever have had, if any, to require that appellee restore the overhead bridge to the condition in which it existed during the year 1936, was barred by the five year statute of limitations as embraced in Article 5509 of Vernon's Tex.Civ.Stats., prior to the time when this suit was instituted. City of Galveston v. Williams, 69 Tex. 449, 6 S.W. 860; Saunders v. Zumwalt, Tex.Civ.App., 52 S.W.2d 955; Schnitzendable v. Hasting, Tex.Civ.App., 97 S.W.2d 715, point 7; Chenowth Bros. v. Magnolia Petroleum Co., Tex.Civ. App., 129 S.W.2d 446, point 5, er. dis. judg. cor.

Furthermore, we do not think the provisions of Article 6321, Vernon's Tex. Civ.Stats., are of controlling effect in their application to the facts of this case. Appellant's land is less than one and one-half miles from the grade crossing which was constructed in 1936. This crossing was and still is available to appellant. Although appellee's right-of-way fence divided Archer's farm when the fence was originally constructed in 1906, it never has divided the 90 acres of land belonging to appellant.

The mere fact that the way now available to appellant over appellee's right-of-way is not a convenient one to him, does not in and of itself afford a sufficient basis for the establishment or enforcement at this time of another passage or easement across the same under the common law doctrine of necessity. 15 Tex. Jur., p. 787, sec. 18; Brundrett v. Tarpley, Tex.Civ.App., 50 S.W.2d 401, point 4; Ward v. Bledsoe, Tex.Civ.App., 105 S.W. 2d 1116, point 3. From the record before us we cannot say that the trial court erred in denying the mandatory injunction here sought. 24 Tex.Jur., p. 136, sec. 96; 28 Am.Jur., p. 253, sec. 56; International & G. N. R. Co. v. Bost, Tex.Civ.App., 2 Willson Civ.Cas.Ct.App. § 383; 122 A. L.R. 1176; Quanah A. & P. R. Co. v. Wiseman, Tex.Civ.App., 247 S.W. 695.

Therefore, the judgment appealed from is affirmed.