

# NUMBER 13-12-00004-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN WRIGHT,                                                                                        Appellant,

v.

VIRGINIA DIERLAM,                                                                                  Appellee.

### On appeal from the 267th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

This is an appeal from an order granting summary judgment on limitations in favor of appellee Virginia Dierlam. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.025 (West 2002). By two issues, appellant John Wright contends that the trial court erred (1) in granting summary judgment in favor of Dierlam on her affirmative defense; and (2) in

awarding attorney's fees to Dierlam.   We affirm.

## I.   BACKGROUND

Dierlam owns a ranch of approximately 1300 acres.   Wright owns land adjacent to Dierlam's property.   Prior to 2002, Wright used an unimproved road or lane across Dierlam's property for ingress and egress to his property.   Dierlam concedes, for purposes of this appeal only, that Wright had an easement across her property.[1]   Nonetheless, Dierlam averred, in her affidavit, that in August 2002 she notified Wright that she was withdrawing her permission to use the easement and denying him access to his property.   Wright agreed that for eight years Dierlam locked him out and told him he had no right to cross her land.   Wright testified at his deposition that between 2002 and 2010, the only time he entered his property was when he went to pick up things he could not leave behind.   The Dierlams escorted him onto his property on that occasion.

On September 27, 2010, Wright filed suit under the Texas Uniform Declaratory Judgment Act (UDJA) seeking the trial court's declaration of the validity of the easement. Wright also sought a temporary injunction enjoining Dierlam from interfering with his use of the easement until the case was resolved.   On October 28, 2010, the trial court granted Wright's request for a temporary injunction, which allowed him access to his property.   Dierlam filed her answer and counterclaim asserting a general denial and pleading, among other things, the affirmative defense of limitations.   Both parties sought attorney's fees.

---

[1] In 2002, Dierlam instituted suit against Wright and other parties seeking declaratory and injunctive relief to bar the defendants from using a roadway on her property to access their land.   *See Schilhab v. Dierlam*, No. 13-04-00185-CV, 2003 Tex. App. LEXIS 7260, at *1 (Tex. App.—Corpus Christi Aug. 12, 2004, no pet.) (mem. op.).   Dierlam obtained a summary judgment that none of the defendants had an easement across her property.   *Id.* at *15.   However, it is undisputed that Dierlam non-suited Wright before judgment in that case.

On July 7, 2011, Dierlam filed a motion for summary judgment claiming that she was entitled to summary judgment on the basis of the two-, three-, residual four-, and five-year statutes of limitations. Wright filed his response and a brief, which challenged Dierlam's cited authority. After a hearing on Dierlam's motion, the trial court granted Dierlam summary judgment and dissolved the temporary injunction. It did not award either party attorney's fees. Wright filed a motion for new trial, and Dierlam filed a motion for reconsideration of the trial court's ruling on attorney's fees. After hearing both motions, the trial court entered a final judgment granting summary judgment in favor of Dierlam and awarding Dierlam her attorney's fees. This appeal followed.

## II. FIVE-YEAR STATUTE OF LIMITATIONS

By his first issue, Wright contends that the trial court erred when it granted summary judgment in favor of Dierlam on her affirmative defense of limitations.

### A. Applicable Law and Standard of Review

To prevail on a traditional summary-judgment motion, a movant must prove that there is no genuine issue regarding any material fact and that she is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004); *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 773 (Tex. App.—Corpus Christi 2007, no pet.) (op. on reh'g). A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively all elements of that defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

An appellate court reviews a trial court's summary judgment de novo. *Provident Life & Accident Inc. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A summary

judgment can only be upheld on the grounds asserted in the trial court and not on grounds not asserted, even if the summary judgment evidence may support those unasserted grounds. *McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993).

An easement, once established, can be extinguished or lost under the five-year statute of limitations. *Schnitzendable v. Hastings*, 97 S.W.2d 715, 718 (Tex. Civ. App.—San Antonio 1936, writ ref'd). Section 16.025(a) of the Texas Civil Practice and Remedies Code provides that "[a] person must bring suit not later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 16.025(a).

**B.    Discussion**

Specifically, as to the five-year statute of limitations, Wright claims that his cause of action accrued in 2009 when Dierlam permanently blocked him from using the easement, not in 2002 when Dierlam claims she denied Wright access to the easement. Because he filed suit in 2010, less than two years after his cause of action accrued in 2009, Wright claims that Dierlam's five-year statute-of-limitations defense fails.

For his argument that he used the easement until 2009, Wright relies on evidence that his daughters used the easement between 2002 and 2009. However, even assuming that Wright's daughters used the easement until 2009, Wright does not develop his argument regarding how the use of the easement by his adult daughters, who have no property interests in Wright's property, impacts his property claims or Dierlam's limitation defense. Without more, this contention fails.

Rather, the legal precedent set out in *Schnitzendable* applies in this case. There, the court of appeals stated the following:

4

> It is true, as contended by appellant, that a road or right of way may be established by prescription. It is likewise true that such rights which may have been so established may be entirely lost under our statutes of limitation. If appellants ever had or intended to establish their claim to the old road as a right of way or otherwise, under the facts presented in this record, they certainly waived or lost all such claims by their failure or refusal to assert their rights within the time and in the manner provided by law.

97 S.W.2d at 718. Dierlam's summary judgment evidence established that in August 2002 Dierlam notified Wright that she was withdrawing her permission to use the easement and denying him access to it. Wright, himself, testified that he had been barred from the premises for almost eight years before filing this lawsuit and that he had not used the easement during those eight years. Dierlam asserted the five-year statute of limitations as a defense against Wright's suit and urged it as a summary-judgment ground. *See McConnell*, 858 S.W.2d at 342.

Reviewing the trial court's summary judgment de novo, we conclude Dierlam established her affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 215, *Shah*, 67 S.W.3d at 842. The trial court did not err in granting summary judgment in her favor on this basis. We overrule Wright's first issue.

### III. ATTORNEY'S FEES

By his second issue, Wright asserts that this Court should reverse and vacate the judgment awarding Dierlam attorney's fees because the substance of his claim is a trespass to try title action, and attorney's fees are not available under such an action. However, courts have determined that the UDJA is a proper vehicle for determining the

5

validity of an easement.[2]  *See Roberson v. City of Austin*, 157 S.W.3d 130, 135 (Tex. App.—Austin 2005, pet. denied).  Therefore, we are not persuaded by Wright's trespass-to-try-title contention.

Instead, we conclude that the trial court did not abuse its discretion when it properly awarded Dierlam her attorney's fees in this declaratory judgment action.[3]  *See* TEX. CIV. PRAC. & REM. CODE § 37.009 (West 2008) ("In any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *Mercier*, 214 S.W. 3d at 775 (citing *Bocquet v. Herring*, 972 S.W. 2d 19, 21 (Tex. 1998); *Ragsdale v. Progressive Voters League*, 801 S.W. 2d 880, 881 (Tex. 1990) (per curiam)) (setting out that a trial court's award of attorney's fees is reviewed for an abuse of discretion).   We overrule Wright's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of March, 2013.

---

[2] We express no opinion regarding whether trespass to try title is also an appropriate means of determining easement rights.  *See Roberson v. City of Austin*, 157 S.W.3d 130, 135–37 & n.5 (Tex. App.—Austin 2005, pet. denied).

[3] Wright does not challenge the amount of the fee or the evidentiary support for the award of attorney's fees.

6