ACCEPTED
13-15-00096-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/21/2015 4:08:10 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00096-CV

## COURT OF APPEALS
## THIRTEENTH DISTRICT
## CORPUS CHRISTI-EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/21/2015 4:08:10 PM
DORIAN E. RAMIREZ
Clerk

VOID

## HENRY GEARHART, JYLIANE GEARHART,

## AND ORION GEARHART

## VS.

## JOHN WARDELL AND WIFE, LOIS WARDELL

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/21/2015 4:08:10 PM
DORIAN E. RAMIREZ
Clerk

## FROM THE 206th DISTRICT COURT

## HIDALGO COUNTY, TEXAS

## APPELLEE'S SURREPLY BRIEF,

## JOHN WARDELL AND WIFE, LOIS WARDELL

Ricardo Gonzalez
State Bar No. 08131490
OXFORD & GONZALEZ
ATTORNEYS AT LAW
124 S. 12th St.
P.O. DRAWER 630
Edinburg, Texas 78540
(956) 383-5654
(956) 381-0002 - FAX
ATTORNEY FOR APPELLEE
JOHN WARDELL

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................... 2

INDEX OF AUTHORITIES ....................................................................... 4

ARGUMENT............................................................................................6

**Cases**

Schnitzendable v Hasting,
    97 S.W.2d 715, (Tex. Civ. App. 1936) ....................................6

Hearts Bluff v. State,
381 SW3d 461, 491 (Tx 2012)................................................6

## NO. 13-15-00096-CV
## COURT OF APPEALS
## THIRTEENTH DISTRICT
## CORPUS CHRISTI-EDINBURG, TEXAS

## HENRY GEARHART, JYLIANE GEARHART,

## AND ORION GEARHART

## VS.

## JOHN WARDELL AND WIFE, LOIS WARDELL

## FROM THE 206th DISTRICT COURT

## HIDALGO COUNTY, TEXAS

## BRIEF OF APPELLEES,

## JOHN WARDELL AND WIFE, LOIS WARDELL

## APPELLEE'S SURREPLY BRIEF

Appellee provided Supreme Court Authority that the applicable Statute of Limitations for a permanent trespass is two years from the date of the incursion. (Appellee's Brief pages 15-16 and case therein Schneider, Auerbach, Provident Ins. and SVV RV). Appellants ignore the issue and concede the point.

4

## ABATEMENT

Appellees produce Supreme Court Authority that abatement "cannot revive barred damages" arising from a permanent trespass. (Appellee's Brief, p. 16, Schneider). Appellants drop the point. Appellees produced federal and state Supreme Court authority that revival of permanently barred actions violate constitutional standards. (Appellee's Brief pages 19-20, Baker Hughes, Fronme and Schneider[state];and Fletcher, Bowie and Splawn- [federal]). Appellants concede the point.

Appellees provide Supreme Court Authority that consent precludes trespass; that an easement is "relinquishment of a right to exclude" and that authorized entries cannot constitute trespass. (Appellees'Brief pages 22-23, EPS, Schneider, Watauga, Barnes, Farming). Appellants drop the point.

## ARGUMENTS IN THE TRIAL COURT

Appellants argue problematically "what difference does it make whether or not these arguments were made in the trial court?" The salient difference is that new matters cannot be raised for the first time on appeal. This gains added forcefulness when the case was resolved by submission and appellants put on no evidence.

## TAKING REVISITED

Schnitzendable v. Hastings 97 SW2d 715 (San Antonio, 1936) avails Gearhart's nothing. It turned on the two year statute of limitations which case held:

> The cause of Action for damages for interferences with an easement for ingress and egress held barred by two –year statute of limitations where road was blocked in 1926, after which plaintiffs made no attempt to cross defendant's land and suit was not instituted until March 29, 1934 id p 716.

> It is plain from the evidence and the testimony of Schnitzendable, that his cause of action, accrued more than 2 years prior to filing and is barred by the Statute of Limitations. id p 717.

Appellant's claims for an easement by prescription or necessity were precluded by their failure to act on it " until suit was filed, some ten years later." id. p718. Nor could appellant claim that "his deed did not mean what it plainly said "or that he acquired rights " contrary to the plain terms of the instrument." id . p 716. Appellants did not file suit until September 27, 2013 4 years after the driveway was paved by John Wardell's predecessor in title.

Appellees cited Supreme Court Authority that a "taking " requires action by a governmental entity with eminent domain authority not a private person. (Appellees' Brief 17-18) Appellants concede the point. In addition, a jurisdictional prerequisite to a taking required an ownership interest in the

property taken. ( Hearts Bluff, Tx Dot v Sunset Villiage, Tx Dot v API PIPE). Appellants ignore the point.

If the Court accepts the Appellants' is incorrect interpretation of well-established precedent, a cause of action for trespass or interference with an easement would have a perpetual statute of limitations.

## CONCLUSION AND PRAYER

For the reasons stated the decision of the trial court should be affirmed.

Respectfully submitted,

OXFORD & GONZALEZ
Attorneys at Law
124 S. 12th St.
P.O. Drawer 630
Edinburg, Texas 78540
(956) 383-5654
(956) 381-0002 - FAX

BY:_____
Ricardo Gonzalez
State Bar No. 08131490
**ATTORNEY FOR APPELLEE**

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure, Counsel for Appellee

verifies that the foregoing document contains 795 words.

RICARDO GONZÁLEZ

8

# CERTIFICATE OF SERVICE

On this _21_ th day of October, I sent a copy of this brief to the Offices of Preston Henrichson and Brandon Holibar regular mail and further emailed it to them.

Preston Henrichson
222 W. Cano
Edinburg, Texas 78539
(956) 383-3535
(956) 381-3585- Fax
eservices@henrichsonlaw.com

Brandon Holibar
3409 N. 10th Street, Suite 100
McAllen, Texas 78501
(956) 687-6294
(956) 687-5514 - Fax
info@kinglrgvlaw.com

Ricardo Gonzalez
Oxford & Gonzalez
124 S. 12th Street
Edinburg, TX 78539
(956) 383-5654
(956) 381-0002 – Fax
ric@oxfordandgonzalez.com

# INDEX OF AUTHORITIES

## Cases

Schnitzendable v Hasting,
   97 S.W.2d 715, (Tex. Civ. App. 1936) ...............................................................5

Hearts Bluff v. State,
   381 SW3d 461, 491 (Tx 2012)....................................................................5