(Decided 7th July, 1870.)

---

R. K. HAWLEY, and others, *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE. THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* PHILIP HISS.

*Extent of the Right of Way over a Street not opened by Public Authority, in the Purchasers of Lots binding thereon—Dedication of Property to Public use—Ordinance, No. 26, of the City of Baltimore, approved 3d April 1866—Appeals from the Returns of the Commissioners for Opening Streets.*

The owner of certain lands lying between Madison and Druid Hill avenues, in the city of Baltimore, offered at public auction certain portions of them, marked in lots upon a map or plat. Upon this map lots and streets were laid down, and among others there was one designated as Mosher street; it ran from Madison avenue, across McCulloh street, to Druid Hill avenue. The lots advertised for sale and described as being

Hawley, *et al. vs.* The Mayor and City Council of Baltimore.

on Mosher street, were all between Madison avenue and McCulloh street. There was no sale at auction; subsequently four of the lots, calling to bind on Mosher street, were disposed of at private sale. Afterwards, Mosher street, lying between Madison and Druid Hill avenues, was condemned by authority of the city. HELD:

1st. That the right of way or easement in Mosher street acquired by the purchasers of the lots binding thereon, extended from Madison avenue only to McCulloh street, their lots lying between these streets; and to that extent only, was there a dedication of Mosher street to public use by their vendor.

2d. That the vendor of the lots was entitled to substantial damages for that part of Mosher street lying between McCulloh street and Druid Hill avenue, there having been no dedication of the same to public use.

The purchaser of a lot calling to bind on a street not yet opened by the public authorities, is entitled to a right of way over it, if it be of the lands of his vendor, to its full extent and dimensions only until it reaches some other street or public way.

Under Ordinance No. 26, of the city of Baltimore, approved 3d April, 1866, a person assessed for benefits arising from the opening of a street, who appeals from the return of the Commissioners, can only question the propriety of his own assessment, and cannot disturb or question the return of the Commissioners in reference to any other person who is assessed for benefits or allowed for damages.

APPEALS from the Baltimore City Court.

On the 14th day of May, 1867, an ordinance was passed by the Mayor and City Council of Baltimore, to condemn and open Mosher street, from Druid Hill avenue to Madison avenue. In pursuance of said ordinance the Commissioners for Opening Streets proceeded on the 13th day of April, 1868, to perform the duties required of them in regard to the opening of Mosher street, in accordance with the provisions of the general ordinance in relation to streets in the city of Baltimore. They estimated the value of the ground lying in the bed of Mosher street, between Druid Hill avenue and McCulloh street, to be $13,612.50, and between McCulloh street and Madison avenue to be $2, and the expenses incurred in enforcing the ordinance for the opening of said street to be $997.78, making an aggregate of $14,612.28 for

damages and expenses. They awarded the amount estimated as damages to Philip Hiss for his interest in the ground lying in the bed of the street; and assessed upon all the adjacent ground and improvements, certain sums amounting in the aggregate to a sum equal to the estimated damages and expenses, for benefits to said ground and improvements by the condemnation and opening of said street. The appellants in the first entitled case, adjacent property holders, being dissatisfied with the assessment of benefits made by the Commissioners, appealed therefrom to the Baltimore City Court. Hiss also appealed. On the trial of said appeals, the same were consolidated. The appellants offered in evidence certain leases and a deed from Hiss; the plat made by him according to which sales were made and conveyances prepared; the testimony of the auctioneer by whom the plat was publicly exhibited, and the testimony of Armstrong and Morgan, who negotiated with Hiss for the purchase of lots, the first named negotiating according to the plat, and both with the understanding that Mosher street was to be opened without expense to the purchasers of lots. Other facts in the case will be found in the opinion of this Court.

*Exception* of Hawley and others: Hawley and others prayed the Court to instruct the jury as follows:

1st. If they shall find from the evidence, that Philip Hiss was the owner of a tract of land lying within the limits of the city of Baltimore, and that he laid out said tract of land into building lots, bounding said lots on streets designated as such on the map of the city of Baltimore; and that he made a map of said tract of land in conformity with the map of the city of Baltimore, and designated certain portions of said tract of land as streets; and that he sold or leased certain building lots laid out on said map so made by him; and in the conveyances thereof, bounded said lots on Mosher street as so located on said maps; that although Mosher street so designated on the map of the city, and on the map made by said Hiss, was at the time unopened under the authorities of the

corporation of the city of Baltimore; that then, upon the jury so finding, the purchasers or lessees of the said Hiss acquired an easement or right of way in said Mosher street to the full extent of its dimensions as designated on his map to wit: from Madison avenue to Druid Hill avenue.

2d. If the jury shall find from the evidence, that Philip Hiss made a map of his land, designating certain portions thereof as streets, and that he sold or leased building lots laid out on said map, and in the conveyances thereof bounded them on the streets so laid out on said map, that then the ground so laid out and designated on said map as streets, has been dedicated to the public use, to be opened as streets, whenever the municipal authorities shall think proper to do so, and that when so opened, the said Hiss is only entitled to nominal damages for the value of the fee of said streets to the full extent of their dimensions, as laid out on the map so made by him, from Madison avenue to Druid Hill avenue.

This instruction the Court refused to give, but directed the jury, that one provision of the Act of 1838, ch. 226, and of the Ordinance No. 26, secs. 6 to 9, of the Mayor and City Council of Baltimore, approved 3d of April, 1866, was to give an appeal from or review of the proceedings of the Commissioners for Opening Streets. This right of appeal is given to each person interested for himself and for his own assessment. No one can appeal but the party assessed, and such appeal is on account of his own separate assessment. On such appeals it is not competent for one party to question the propriety of another's assessment. One appellant cannot disturb another appellant's assessment. It is competent for the city only, the appellee, to show that such other assessment was not proper, and ought therefore to be altered. The jury are instructed, therefore, that it is immaterial to those assessed for benefits, what others may have been allowed for damages; that no one assessed the one way is interested in the other assessments the other way. And the jury are only

to disturb those assessments from which there have been appeals. The others are not before them for review.

To the rejection of their prayers, and to the instruction given by the Court to the jury, Hawley and others excepted, and the verdict and judgment being against them, they appealed.

*Exception of Hiss:* Philip Hiss offered the following prayers:

1st. If the jury find from the evidence that Philip Hiss is the owner of the bed of Mosher street, as proposed to be opened between McCulloh street and Druid Hill avenue, and of all the ground binding on the sides thereof, then the jury ought to assess to him as damages the value of the ground taken for the bed of said part of Mosher street, estimated as if said part of the street was not to be opened.

2d. If the jury find from the evidence, that at the time of the executions of the four leases, offered in evidence, from Philip Hiss to Morgan, Moale, T. P. Scott, trustee for Armstrong, and Wm. J. Hiss, respectively, it was expressly understood and agreed between the said Philip Hiss and the said lessees, that Mosher street, between Madison and McCulloh streets, should be opened without delay, and that he should appropriate the damages received by him for the bed of said street, so far as might be necessary to the payment of the assessments on said lots, for benefits from the opening of said parts of said streets, that then the jury, in assessing the damages to Philip Hiss for that part of Mosher street, between Madison and McCulloh streets, may give as damages the real value of said ground as taken for the bed of said street, and are not limited to nominal damages.

The Court granted the first prayer and rejected the second.

The Mayor and City Council of Baltimore then offered the four prayers following:

1st. If the jury shall find from the evidence that Philip Hiss owned the land constituting the bed of Mosher street from Madison avenue to Druid Hill avenue, as laid down

on Poppleton's plat, if they shall find said street was so laid down, and that he owned all the other property on both sides of said street as so laid down, and that prior to the passage of the ordinance for condemning and opening said street, between Madison avenue and Druid Hill avenue, he sold or leased portions or lots of said property, between Madison avenue and McCulloh street, and in the deeds of conveyance or leases thereof, described the said portions or lots so sold or leased, as binding on said Mosher street, then such selling or leasing was a dedication of the bed of said street from Madison avenue to Druid Hill avenue, to the use of the public as a public highway, and the said Hiss is entitled to nominal damages only, for the taking, by the Mayor and City Council of Baltimore, of the land so constituting the bed of said street, from Madison avenue to Druid Hill avenue, for the purpose of opening the same.

2d. If the jury shall find from the evidence the facts stated in the foregoing prayer, then the said Hiss is entitled to nominal damages only, for the taking by the appellee of the ground so constituting the bed of said street, from Madison avenue to McCulloh street, for the purpose of opening the same.

3d. If the jury shall find from the evidence the facts stated in the first prayer of the Mayor, &c., of Baltimore, and shall further find that prior to the passage of the ordinance of the said Mayor, &c., of Baltimore, for the condemnation and opening of said street, the said Hiss published a plat of said property, upon which the said Mosher street was laid down as a street from Madison avenue to Druid Hill avenue, and shall further find that said Hiss advertised and offered for sale at public auction, lots laid down upon said plat, and shall further find that the witness, Armstrong, attended at the offering of said lots for sale, at the time and place mentioned in the said advertisement, and there obtained one of the said plats, and that he afterwards negotiated and contracted with said Hiss for the purchase of one of the lots laid down in

said plats, to wit, the lot on the corner of Madison avenue and Mosher street; and shall further find that the deed executed by said Hiss in consummation of such contract, if they shall find the same was executed, was drawn with reference to the said plat, and executed by the said Hiss with knowledge that the same was so drawn, then the purchaser of said lot was entitled to an easement or right of way over the ground constituting the bed of Mosher street from Madison avenue to Druid Hill avenue, and the said Hiss is entitled to nominal damages only, for the taking by the Mayor, &c., of Baltimore, of the ground so constituting the bed of said street, from Madison avenue to Druid Hill avenue, for the purpose of opening the same.

4th. If the jury shall find from the evidence the facts stated in the foregoing third prayer, then the said Hiss is entitled to nominal damages only, for the taking by the Mayor, &c., of Baltimore, of the ground so constituting the bed of said street, from Madison avenue to McCulloh street.

The Court refused to grant the first and third of the said prayers, but granted the second and fourth.

To the granting of the first prayer of Hiss, and to the refusal to grant its first and third prayers, the Mayor and City Council excepted, and the verdict and judgment being against it, this appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY and ALVEY, J.

*Allen E. Forrester,* for Hawley and others.

From the evidence in this case, Hiss is only entitled to nominal damages for the appropriation to the public use of the land constituting the bed of Mosher street, for the reason that he had, previously to the passage of the ordinance for the condemnation and opening of said street, made a plat of his property, and laid the same out into streets and lots, and had sold certain of his lots according to said plat, and in the

conveyances thereof bounded said lots on Mosher street as laid out on said plat. By reason of such sales and conveyances, his grantees are entitled to an easement, or right of way in Mosher street as laid out by him on the plat of his property, to the full extent of the dimensions of said street, so far as he had designated the same as a street on the plat of his property. *White vs. Flannigan,* 1 *Md.,* 525; *Lewis Street,* 2 *Wend.,* 475.

The land constituting the bed of Mosher street, from Madison avenue to Druid Hill avenue, had been dedicated to the public as a street prior to the passage of the ordinance to condemn and open Mosher street. The municipal authorities had the right to take and appropriate the land so dedicated, for the purpose for which it was dedicated, upon the payment of a nominal consideration to the person owning the fee of said land, subject to the easement in the public—the allowance of nominal damages to the owner of the fee being requisite for the purpose of vesting the title of said land in the public. Apart from the amount which was required to pay a nominal consideration to the owner of the fee, the only assessment which could be rightfully imposed upon the persons deemed to be benefitted by the condemnation and opening of said street, would be for such an amount as might be necessary to defray the expenses incurred in carrying out the provisions of the ordinance for the condemnation and opening of said street, that is, for formally appropriating the street which had been previously laid out and dedicated to the public. *Pope vs. The Town of Union,* 3 *C. E. Green, N. J.,* —, and in *American Law Register for Sept.,* 1868, 701; 3 *Kent's Comm.,* 434; *United States vs. Chicago,* 7 *How.,* 196; 4 *Paige's Chan. Rep.,* 513; 1 *Howard's Miss. Rep.,* 379; 8 *Mo.,* 448; 6 *Peters,* 438; 19 *Wendell,* 129.

Another point involved in the adjudication of this case is presented in the exception taken to the opinion of the Court and its directions to the jury, on the subject of the right of a party who is assessed for benefits to call in question and con-

test the right of another party who is allowed damages in the matter of the condemnation and opening of streets in the City of Baltimore.

On this point the appellants maintain that, under the law, it is their right, on appeal to the Baltimore City Court, to have tried by a jury any question of fact which is material to enable the jury to ascertain and decide on the amount of damage or benefit to be assessed. That it is their right to present to the jury as a question of fact whether any damage has been sustained by any one for which he is liable to be assessed for benefits; for, if no damage be sustained by any one in the opening of a street, the only assessment which can be charged against the persons deemed to be benefitted is the amount of expenses incurred by the Commissioners in the performance of the duties required of them under the ordinance. *Code of Pub. Local Laws, Art. 4, sec. 837; Ordinance of 1866, No. 26.*

*Robert D. Morrison,* for the Mayor and City Council of Baltimore, adopted the argument in behalf of Hawley and others on their first point.

*John H. Ing* and *I. Nevett Steele,* for Hiss.

Under the instructions given by the Court below, Hiss was permitted to have damages awarded to him only for that part of the bed of Mosher street lying between McCulloh street and Druid Hill avenue. The appellants denied his right to damages even to that extent; and the principal question to be determined by this Court is whether, by his acts, as stated in the evidence, he had stripped himself of the right to compensation for the bed of Mosher street in the square between Mc-Culloh street and Druid Hill avenue.

As the only leases made by Hiss on Mosher street, were on that part of the street lying between Madison avenue and McCulloh street, no greater or wider effect by way of implied covenant, could properly be attributed to these leases, than to limit him to nominal damages for that part of the bed of Mo-

sher street lying between McCulloh street and Madison avenue. This was the decision of the Commissioners for Opening streets and also of Baltimore City Court. *Moale vs. Mayor and City Council of Baltimore,* 5 *Md.,* 314–323; *White vs. Flannigan,* 1 *Md.,* 525–541, 542; *Parker vs. Smith,* 17 *Mass.,* 415; *United States vs. Chicago,* 7 *Howard,* 195, 196; *Mercer street case,* 4 *Cowen,* 542; *Seventeenth street,* 1 *Wendell,* 262; *Lewis street,* 2 *Wendell,* 475; *Livingston vs. New York,* 8 *Wendell,* 87–89–98, 99.

BRENT, J., delivered the opinion of the Court.

As the appeals of Hawley and others against the Mayor and City Council of Baltimore, and of the Mayor and City Council of Baltimore against Hiss, are included in one record and have been argued together, we will dispose of them in the same opinion.

In the case of the Mayor and City Council against Hiss there is really but one question presented, and that is, to what extent has there been a dedication of the bed of Mosher street by the appellee Hiss?

It is in proof that Hiss, being the owner of certain lands lying between Madison and Druid Hill avenues, offered at public auction, in 1866, certain portions of them marked out in lots upon a map or plat, which was placed by him in the hands of the auctioneer, and which was in all respects similar to the one filed in this case. Upon this map lots and streets are distinctly laid down, and among others Mosher is designated as one of the streets. It runs from Madison avenue across McCulloh street to Druid Hill avenue. The lots advertised for sale, and described as being on Mosher street, are all between Madison avenue and McCulloh street. As the bids at the sale were not satisfactory, the lots were withdrawn and no sale effected. Subsequently four of these lots, calling to bind on Mosher street, were disposed of at private sale. Judge Scott purchased one of them in trust for Mrs. Armstrong, and the map or plat referred to was put in his hands

by Hiss at the time of the purchase, but there is no particular reference to it in the deed for that lot, nor is there any in either of the deeds found in the record. None of the lots South of McCulloh street have been sold or offered for sale. It is also proven, that there were fences across the designated line of Mosher street between McCulloh street and Druid Hill avenue, and so continued up to the time that the City proceeded to take the necessary steps to open it as a public street.

The law is now too well settled to admit of any doubt, that if the owner of a piece of land lays it out in lots and streets, and sells lots calling to bind on such streets, he thereby dedicates the streets so laid out to public use. This rule is founded upon the doctrine of implied covenants, and the dedication will be held to be co-extensive with the right of way acquired as an easement by the purchaser. It is upon the implied covenant in the grant to him that the dedication to public use rests, and such dedication must necessarily be measured by the limits of the right he has acquired by virtue of his grant. In the case before us the right of way or easement in Mosher street acquired by the purchasers of the lots mentioned in the proof is the precise limit of the dedication by Hiss. Over what portion of Mosher street then did their right of way extend? We think they acquired by their several purchases the right of way from Madison avenue only to McCulloh street, as it is between those streets that their lots lie and bind on Mosher. The doctrine of implied covenants will not be held to create a right of way over all the lands of a vendor which may lie, however remote, in the bed of a street. The lands must be contiguous to the lot sold, and there must be some point of limitation. The true doctrine is, as we understand it, that the purchaser of a lot calling to bind on a street, not yet opened by the public authorities, is entitled to a right of way over it, if it is of the lands of his vendor, to its full extent and dimensions only until it reaches some other street or public way. To this extent will the vendor be held by the implied covenant of his deed and no further. It is needless to review the

several authorities cited in the argument upon this point, as we consider it settled by a decison of this Court in the case of *Moale vs. The Mayor and City Council of Baltimore,* 5 *Md.,* 314. In that case the very question now before us was involved. Lots No. 3 and No. 9, both lying in the bed of Biddle street, were owned by Moale, and he claimed substantial damages for them in the condemnation of land for the opening of that street. They were both purchased by him from the same person, who had before sold to Judge Frick lot No. 4. Lots No. 3 and No. 4 were between Cathedral and Decker streets, and lot No. 9 between Decker and Charles streets. This Court held in that case, that as lot No. 3 was purchased by Moale after the purchase by Judge Frick of lot No. 4, which called to bind on Biddle street, it was subject to the rights which Judge Frick had acquired by his previous purchase, among which was the right to the use of Biddle street as a street *between Cathedral and Decker.* Only nominal damages were therefore allowed for lot No. 3. But lot No. 9, lying between Decker and Charles street, was held not to be included in the dedication, for the judgment below was reversed upon the ground expressly that the appellant, Moale, was entitled to receive substantial damages for its condemnation. Applying the doctrine of this case to the facts of the one before us, we must hold that there has been no dedication by Hiss of that part of Mosher street lying between McCulloh street and Druid Hill avenue. We therefore think that the instructions of the Court below were correct, and that the dedication by Hiss was properly confined to that part of Mosher street which lies between Madison avenue and McCulloh street.

In the appeal of *Hawley and others* we find no error in the instructions given by the Court below. By the plain terms of the ordinance of the Mayor and City Council of Baltimore, approved the 3d of April, 1866, the Commissioners, whose duty it is to assess benefits arising from the opening of streets, are authorized in making such assessment to assess only the

*direct benefits.* These are such as actually and substantially accrue to the property holder, and are to be made without reference to the costs and expenses of opening the street. The ordinance alluded to changed the old system of assessment, under which the benefits assessed were required to be so apportioned as to cover the whole amount of expenses incurred. Then each party assessed had an interest in the assessment of another, whether for benefits or damages. But under the present ordinance no such interest exists. Each assessment must stand upon its own merits. The benefits assessed are not required to cover the expenses of opening a street. So far as they may go they are to be appropriated to that purpose, but any deficiency in the amount is required by the express terms of the ordinance to be paid by the city. It is very clear if the assessment of another cannot increase or diminish the assessment of a party complaining, that he can have no interest to be subserved by asking an instruction from the Court submitting to a jury the question of that other's assessment. That is precisely what was done by the prayers of the appellants, which were rejected by the Court below. Even if they had properly stated the law, in accordance with what we have said in the preceding part of this opinion, they could not have been properly granted. The assessment of benefits to the appellants rested entirely upon the actual and substantial benefits each one had received from the opening of the street in question, and so far as that assessment was concerned it mattered not what was the amount of damages allowed to Hiss.

We are very clear, upon the construction of the ordinance alluded to, that the Court below correctly stated the law in the verbal instructions given to the jury, and the judgment in this case, as well as in the case of *The Mayor and City Council of Baltimore against Hiss,* must be affirmed.

*Judgments affirmed.*

(Decided 7th July, 1870.)