Dulany et al., Appellants, *v.* Bishoff et al.

Argued April 12, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Albert. A. Sayers,* with him *Sayers & Hawkins* and *James W. Hawkins,* for appellants.

*Lloyd E. Pollock,* for defendants, appellees.

*W. C. Montgomery* and *Montgomery, Thompson & Baily* submitted a brief for The Monongahela Railway Company and Jones & Laughlin Supply Company, additional defendants, appellees.

OPINION BY DITHRICH, J., July 15, 1949:

The plaintiffs, desiring an adjudication of the rights of adjoining owners to a strip of ground 20 feet wide and 190 feet in depth, extending from First Street to Water Street in the Borough of Waynesburg, Greene County, Pennsylvania, petitioned for a declaratory judgment. After the petition had been filed, Ben F. Dulany, one of the petitioners, by deed of record, conveyed his interest in one of the abutting properties to E. Bryan Jacobs, the other petitioner, who by agreement of the parties then became sole plaintiff in the proceeding. The strip of ground, commonly known and referred to as Cider Alley, for a depth of 100 feet, lies between property owned by plaintiff and the original defendants. The remainder is in possession of the additional defendants, who were served with notice of the proceeding. An answer was filed by The Monongahela Railway Company on behalf of itself and its lessee or tenant, the Jones and Laughlin Supply Company, the other additional defendant.

The alley is part of a plan of lots known as the Sayers Addition. Although the plan was not recorded until May 20, 1941, it was frequently mentioned in the deeds forming the chain of title to these properties beginning as early as September 3, 1877, in a deed to Eleanor A. Jacobs, the common grantor; and there is no evidence that plaintiffs and The Monongahela Railway Company did not know of the existence of the plan. Appellants concede that "It must be admitted that the common grantor . . . had some knowledge of a plan of lots known as the Sayers Plan which has not been recorded but of which a blueprint, purporting to be a

copy, has been recorded, and that she had no right to obstruct or deny to public or adjacent owners use of the strip of ground." But it is contended that the evidence shows that the alley has never been used for the purpose for which it was laid out and dedicated. True, the learned court below found as a fact that Cider Alley has never been accepted as a public alley either by Marion Township or Waynesburg Borough after the annexation of the township; but it also found the following facts:

"16. There never has been an express repudiation of the interest acquired by the original defendants or an intention to set up a hostile claim to that portion of Cider alley concerned herein until 1946, when the plaintiffs notified defendants to cease and desist from passing over, using, trespassing on or in any manner disturbing their quiet possession to said alley.

"17. That part of Cider alley from First street extending south to the location of the gate, formerly at rear of the carriage shop, has always been open for use of the adjoining property owners.

"18. Neither the plaintiffs nor their predecessors in title have been in open, adverse, hostile and notorious possession of said Cider alley for more than twenty-one years."

There is ample evidence in the record to sustain these findings. The court concluded and declared that the defendants have a right of way or easement over Cider Alley appurtenant to their lots, extending 100 feet from First Street; enjoined the plaintiffs from closing that part of Cider Alley adjoining lands of the original defendants or constructing any fence or fences which would include that part of Cider Alley within the confines of the same; and enjoined and restrained plaintiffs from interfering with the rights of the original defendants in the use of that part of Cider Alley for the purpose of ingress or egress to their properties.

As to the additional defendants the court properly held that "the southern part of Cider alley beginning on Water street and extending northwardly for a distance of ninety feet has been in open, notorious, hostile and adverse possession of the Monongahela Railway Company, and its predecessors in title, . . . The Penn Manufacturing Company used this portion of the alley for storage of pipe while it owned the adjoining lot, and later after its sale to the Monongahela Railway Company, the railroad company erected a building fronting on Morgan Street and extending westwardly across and beyond the alley, now occupied by Jones and Laughlin Supply Company. Apparently, this use was made with knowledge of the defendants and their predecessors in title, without objection. The testimony, however, shows that the remaining portion of said Cider alley extending from First street in a southerly direction one hundred feet was not used exclusively by any person, and the only structure erected thereon was the ramp or platform, built by plaintiffs' predecessors in title, which did not interfere with the use of the alley by defendants or their predecessors in title, and which was removed in 1924."

It is well settled "that a sale of lots according to a plan which shows them to be on a street implies a grant, or covenant, to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of it to public use; . . . The rights . . . acquired . . . are private contract rights, . . .": *O'Donnell v. Pittsburgh*, 234 Pa. 401, 410, 83 A. 314, 317; *Stivason v. Serene and Serene, (No. 1)*, 80 Pa. Superior Ct. 1, 5, 6.

There can be no question that insofar as the public is concerned any privileges which it might have secured were lost by the failure of the municipality to accept the dedication within twenty-one years. "The individual purchasers of lots, however, acquired rights which are

entitled to protection, unless in some legally recognized way the easement has been surrendered": *Mitchell v. Bovard,* 279 Pa. 50, 53, 123 A. 588, 589; *Vinso v. Mingo,* 162 Pa. Superior Ct. 285, 57 A. 2d 583. Plaintiffs contend, however, that the right of defendants to an easement has been surrendered by nonuser. It has been repeatedly held that an easement acquired by deed cannot be lost by mere nonuser. *Lindeman v. Lindsey,* 69 Pa. 93; *Weaver v. Getz,* 16 Pa. Superior Ct. 418; *Nickels v. Hand in Hand Cornet Band, (No. 1),* 52 Pa. Superior Ct. 145; *Nauman v. Kopf,* 101 Pa. Superior Ct. 262; *The Haig Corp. v. Thomas S. Gassner Co., Inc.,* 163 Pa. Superior Ct. 611, 63 A. 2d 433.

It was incumbent upon the plaintiffs to show not only nonuser, but adverse possession by themselves and their predecessors in title for more than twenty-one years; but the learned president judge of the court below found that "What plaintiffs, and their predecessors in title, did, was not sufficient to show adverse and hostile possession of said alley from First street extending in a southerly direction one hundred feet. They never effectually barred access to this part of said alley from First street."

In *Gerhart v. Hilsenbeck,* 164 Pa. Superior Ct. 85, 87, 63 A. 2d 124, 126, we said, speaking through RENO, J.: "The Hilsenbecks defended upon the ground that the easement in the alley had been extinguished by the adverse possession of themselves and their predecessors for the period of the Statute of Limitations. The burden of proof was upon them, and they were required to show by the fair preponderance of the evidence the essentials of adverse possession. They failed to establish a case, and the decree will be affirmed."

That principle of law applies with equal force to appellants.

The judgment is affirmed.