Grucinski, Appellant, *v.* Tetlak.

Argued March 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*John T. Mulhall,* for appellants.

*Ettore S. Agolino,* for appellees.

Opinion by Reno, J., April 14, 1953:

Plaintiffs, husband and wife, sued in equity to compel defendants, husband and wife, owners of adjoining property, to remove sand, stones and other obstructions which defendants had placed in a ten foot alleyway, created by deed of the original owner of both of their lots, and to cease and desist from interfering with plaintiffs' free and unobstructed use of the same. The chancellor dismissed the bill on the ground that the easement had been extinguished by mutual abandonment. Plaintiffs' exceptions were dismissed by the court en banc, and this appeal followed.

Plaintiffs and defendants are residents of the Borough of Dupont and owners of adjoining lots on the northerly side of Main Street in said Borough, the lot of defendants lying on the westerly side of plaintiffs' lot. The common source of title of both lots was originally in Hiram Castner, who, in 1883, had acquired a tract of land of which these adjoining lots are a part.

In 1906 Castner conveyed to his son-in-law, one John Fabian, 67 feet of his tract, and in his deed to him, provision was made for a ten foot alleyway running from Main Street back to a creek at the rear.[1] Fabian was to contribute five feet of the land granted

---

[1] The deed provision reads as follows: "It is distinctly understood and agreed between the respective parties to this deed that an alleyway ten (10) feet in width running from Main Street, referred to in the deed and extending back in depth to Mill Creek shall be opened and maintained between said Castner's other lands and the property conveyed and for the purpose of constructing said alleyway the said grantee, John Fabian, shall contribute and allow five (5) feet in width of the lot described in this deed from his sixty-seven (67) feet, and the said Hiram Castner shall contribute for the use and purpose aforesaid, five (5) feet of his adjoining land, constituting the ten (10) foot alleyway, and said alleyway shall be for the joint use of both parties to this deed, their heirs and assigns."

to him towards said alleyway, and Castner was to contribute a like amount of his adjoining land. At the time this conveyance was made, there was a wooden fence on the ground within the lines of the proposed alleyway. Fabian conveyed this lot, with the fence on the ground, expressly subject to the easement of the alleyway, to Paul Tetlak and his wife, Frances, by deed dated March 26, 1924. Paul Tetlak died and his surviving spouse, Frances, married John Tetlak, named with her as the defendant in this action. Fabian and his grantees occupied all of the land up to the fence.

Plaintiffs received title to their lot by deed dated February 18, 1919 from Elizabeth Keating and others who were the grantees of Castner. Plaintiffs entered into possession and have occupied the premises continuously since 1919.

From the time of the conveyance to Fabian in 1906 until 1947 the fence remained in existence within the lines of the proposed alleyway; the alleyway was never opened for use. In 1947 plaintiffs built an extension or addition to the building on their lot for business purposes, and, in order to reach the rear of their premises, tore down part of the fence. Defendants asserted their right to possession of all the land on their side of the fence and resisted plaintiffs' right to make use of the alleged alleyway by placing sand, stones and other obstructions thereon.

The sole question for determination is whether there is sufficient evidence to support the findings of the court below that the easement, created by grant, was mutually extinguished by abandonment.

An easement acquired by deed cannot be lost by mere nonuser. *Dulany v. Bishoff,* 165 Pa. Superior Ct. 207, 67 A. 2d 600. However, an easement acquired by deed may be extinguished by abandonment, by which

is meant that a nonuser thereof, together with other circumstances may, as showing an intention to make no further use of it, terminate the easement. Restatement, Property, Servitudes, §504; 3 Tiffany, Real Property, §825. See 25 ALR 2d, p. 1272. There must be nothing less than an absolute denial of the right, followed by an enjoyment inconsistent with its existence for twenty-one years. *Lindeman v. Lindsey,* 69 Pa. 93.

The evidence clearly established that there is more than mere nonuser of the alleyway in the instant case. The evidence is undisputed that there was no alleyway in use on the ground during the ownership of the entire tract by Castner, the common grantor, nor is there any evidence of use of an alleyway by Castner or Fabian, his son-in-law, after the conveyance to Fabian in 1906. Neither of the adjoining owners contributed any of his land for the purpose of opening or constructing the alleyway. The area between the lots, which was to be contributed by the adjoining owners, was never used as an alleyway. A fence dividing the properties was upon the ground at the time the common grantor made the conveyance to the predecessors in title of plaintiffs and defendants. The fence was maintained between the properties for over forty years until the plaintiffs demolished part of it in 1947, when they made improvements to the building on their lot. The fence was an obstruction in existence at the time the common grantor made the conveyances outlined above. It remained an obstruction within the lines of the proposed alleyway for over forty years, marking also the dividing line of the properties occupied by the adjoining owners, each having exclusive possession of the lands adjacent to the fence.

The principle ruling this case was applied in this Commonwealth in 1837 in *Yeakle v. Nace,* 2 Wharton,

123, 131. In that case the owner of a large tract of land divided it into eleven lots. The deeds to plaintiff and defendant provided for a twenty foot road or lane to be cut from the end of each lot. The effect of the enclosure of the part of defendant's lot which was to be used for the lane was stated by Justice HUSTON: "[B]ut he under whom Nace (the defendant) claims, immediately enclosed his lot, and has had two fences across, where this lane would have been for 30 years; and during all that time has been cultivating the land over which the lane must have passed. This was either a direct denial of the plaintiff's right to a lane, or a possession adverse to his claim of one: twenty-one years adverse possession would have barred his right to the land itself, though he had a deed for it; and twenty-one years' occupation adverse to the easement, and inconsistent with it, bars the right to a way."

The principle was followed by this Court in *Nauman v. Kopf,* 101 Pa. Superior Ct. 262, 266, where TREXLER, P. J., said: "What the plaintiffs did was sufficient to show exclusive possession. Access to the land in dispute was effectually barred. They used it as their own, solely for such purposes as convenient to them. One does not ordinarily plant trees and shrubbery on the right of way of another if he has no intention of keeping it adversely. Such acts, coupled with fencing the land, is an exercise of dominion which if persisted in continuously to the exclusion of all others having rights in the land, will grow into title in twenty-one years. Such a possession has all the elements required to attain a title by adverse possession." In *Mitchell v. Bovard,* 279 Pa. 50, 123 A. 588, an easement was held to have been abandoned where the actual control of the land intended for a highway between lots was "notoriously adverse" and had continued for thirty years.

The facts in the instant case indicate the adjoining owners have occupied their properties adversely and inconsistent with the right of the other to have the alleyway opened. Where, as here, adjoining landowners concur in the nonuser of an easement created by deed which each has in the adjoining land of the other, fail to open and construct the alleyway, maintain a fence dividing their properties within the lines of the proposed alleyway and occupy their adjoining lands exclusively adjacent to the fence, and these conditions continue for over forty years, the right of either adjoining owner to have the alleyway opened is barred and the easement which each had in the land of the other must be considered as terminated by mutual abandonment.

There is no merit to plaintiffs' contention that the possession of defendants was permissive and not adverse and hostile. The court below found as a fact, and the finding is amply supported by sufficient competent evidence, that: "15. The action of each adjoining owner in retaining exclusive possession of the five (5) feet of land which he agreed to furnish for the construction of an alleyway was inconsistent with the right of the other to have the use of such alleyway, and having continued for over twenty-one years neither owner could compel the other to remove the fence." In effect each held that portion of the land he was to contribute for the alleyway adversely to the right of the other to have the alleyway opened.

Dismissal of the plaintiffs' bill is also justified on the ground that the building erected by the plaintiffs encroached on a portion of the five feet referred to in the Fabian deed as the land which Castner would contribute for the creation of the ten foot alleyway. The encroachment makes it impossible for the plaintiffs to contribute the full five feet required from them to open and construct the alleyway. Plaintiffs seek equitable

relief for the removal of obstruction to their alleged easement in the alleyway and yet they are guilty of the same inequitable conduct as that which they charge the defendants have committed. Equitable relief will be denied when the applicant comes into court with unclean hands.

Decree affirmed at appellants' costs.