## HILLSHIRE DEVELOPMENT CORPORATION
### *v.* PACHUTA ET UX.

[No. 248, September Term, 1963.]

*Decided June 8, 1964.*

The cause originally was submitted to HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ., and subsequently argued before the entire Court.

*Joel H. Pachino,* with whom was *George D. Edwards* on the brief, for the appellant.

*John J. Brennan,* with whom were *Maguire & Brennan* on the brief, for the appellees.

HORNEY, J., delivered the opinion of the Court.

The question presented on this appeal is whether the conveyance of a lot with reference to a recorded plat of a proposed subdivision or development of a tract of land created an easement of way in an abutting street in favor of the purchaser and his heirs and assigns.

The plat of what is known as Harbor View was filed by Eastern Development Company (Eastern) among the plat records of Baltimore County in September 1920. Among other things, the plat shows a street designated as "Cross Street," 50 feet in width and 250 feet in length, between 46th and 47th Streets which are public highways. Other than the laying out of lots and streets, there is nothing on the plat to indicate that the owner intended to dedicate "Cross Street" to public use. The street was never graded or improved by the owner. It was never opened or used as a public way. Nor was it ever accepted by the county as a street or road. At present, the western end of the street is used by the abutting owners as a private parking lot.

In March 1926, Eastern conveyed Lots No. 809, 810, 811 and 812 in the development (without any reference to abutting streets) to Charles T. Dobrey and wife by a deed containing a provision reading:

"The party of the first part [grantor] expressly reserves unto itself, its successors and assigns, all its

right, title, interest and estate in and to the beds of all streets of Harbor View and the mention of said streets of Harbor View is not intended in anywise to be a dedication of any of them for public use or as public highways."

The four lots were subsequently acquired two at a time by John L. Pachuta and his wife (the Pachutas) in September 1947 and March 1950. Each of the lots is 25 feet in width and 125 feet in depth. All front on 46th Street and one of the side lines of Lot No. 812 binds on "Cross Street."

Twenty-five years after Eastern had conveyed the four lots to the Dobreys, it conveyed all of its right, title, interest and estate in and to "the bed of Cross Street" to Union Realty, Inc., which, in April 1961, conveyed the same property to Hillshire Development Corporation (Hillshire).

After it became the owner of the "bed of Cross Street," Hillshire erected a brick wall so as to block the "paper street" and brought an action of ejectment against the Pachutas to recover possession of the street. The Pachutas, in turn, besides filing a plea that they had not committed the wrongs alleged, filed a counter-claim to regain "a right of passage" over the street. When Hillshire, by its demand for particulars, asked whether the Pachutas meant to allege that they had "some corporeal or incorporeal interest in Cross Street other than is held by any member of the public," they answered: "None, other than rights of inheritance by heirs of the cross-plaintiffs to the use of Cross Street." Following a hearing which consisted of a colloquy between the judge and counsel for the respective parties with regard to the law and facts, the lower court rendered its decision and entered a judgment against Hillshire in favor of the Pachutas "for the recovery of their right to use Cross Street." The only holding, however, was that "a dedication was effected upon the recording of the plat." Apparently, judgment was entered on the theory—and it was so argued by the appellees in this Court—that the Pachutas acquired a right to use the street because of the offer to dedicate it to public use as distinguished from a dedication that had been accepted by a county or other municipality. Such is not the law.

There is, of course, a well settled rule of law to the effect that when an owner of land lays it out in lots and streets on a plat and thereafter conveys a lot bounded by a street owned by him, it will be presumed that the grant operates as a dedication of the street to public use and that the grantor intended to convey to the grantee a complete easement of way in such street even though the dedication to the public is incomplete. See, for instance, *Atlantic Construction Corp. v. Shadburn*, 216 Md. 44, 139 A. 2d 339 (1958) ; *Mullan v. Hochman*, 157 Md. 213, 145 Atl. 554 (1929) ; *Beale v. Takoma Park*, 130 Md. 297, 100 Atl. 379 (1917) ; *M. & C. C. of Baltimore v. Frick*, 82 Md. 77, 33 Atl. 435 (1895).

The rule affects two classes of persons: the public at large and the lot owners. While both may acquire coextensive rights in a street designated on a plat, *Hawley v. Baltimore*, 33 Md. 270, 280 (1870), there can be no dedication between the owner of land and an individual, *Brady v. Farley*, 193 Md. 255, 259, 66 A. 2d 474 (1949). For statements to the same effect as to both propositions, see the recent case of *Atlantic Construction Corp. v. Shadburn, supra* (at p. 52). Under the circumstances existing at the time of trial, neither the public at large nor the lot owners had a right to use the street.

Clearly, the recording of the plat of Harbor View did not effectuate a dedication of Cross Street to public use. Even if it is assumed, for the purposes of this case, that the reservation contained in the deed from Eastern to the Dobreys (from whom the Pachutas acquired title) did not effectively rebut the presumption that the street had been dedicated to the public, the mere filing of the plat could not without more bring about dedication. We point out again, what has often been said before, that dedication requires both an offer and an acceptance. *Chapman v. Rogan*, 222 Md. 12, 158 A. 2d 626 (1960) ; *Hackerman v. City of Baltimore*, 212 Md. 618, 130 A. 2d 732 (1957) ; *United Finance Corp. v. Royal Realty Corp.*, 172 Md. 138, 191 Atl. 81 (1937) ; *Canton Co. v. Baltimore City*, 106 Md. 69, 66 Atl. 679 (1907). Moreover, an intention to dedicate is always a necessary ingredient of an offer. *State Roads Comm. v. Teets*, 210 Md. 213, 123 A. 2d 309 (1956). Apply-

182

ing these requirements to the circumstances in the case at bar—where nothing on the plat indicated an intention to dedicate the street and where nothing had been done to the land designated as a street to indicate that an offer had been made and accepted—it is evident that the recording of the plat was at most an offer that had not been accepted. *Shapiro v. Prince George's County,* 219 Md. 298, 149 A. 2d 396 (1959).

It is equally clear that the Pachutas do not now have a "private" right to use the street. It may be that Eastern did not intend to grant the Dobreys an easement of way in Cross Street, but even if it is assumed, without deciding, that the deed did not have that effect, it is evident that the answer of the Pachutas to the demand for particulars resulted in the relinquishment by them of all rights they had as lot owners other than those they had the benefit of as members of the general public, and (as decided above) there are none.

Since the Pachutas had no right to use the street as a public way and disclaimed whatever rights they had to use it as a private way, it follows that a verdict for Hillshire should have been awarded in accordance with Maryland Rule T43. The judgment in favor of the Pachutas against Hillshire must therefore be reversed.

> *Judgment reversed and case remanded for entry of judgment consistent with this opinion; appellees to pay the costs.*