AYRES et ux. v. HELLEN

[No. 393, September Term, 1963.]

*Decided June 10, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Clarence E. Pusey, Jr.,* for appellants.

No brief and no appearance for appellee.

PER CURIAM.

This appeal concerns a controversy between owners of adjacent waterfront properties located in a subdivision known as Rousby Hall in Calvert County. The general area involved is bounded on the north by Calvert Avenue, a state maintained road, also known as Rousby Hall Road, and on the south by Patuxent Avenue adjacent to and running approximately parallel to the Patuxent River. Focal point of the dispute is a paper street called Hance Avenue, sixty feet wide, running generally north and south. It was conceded that title to the bed of this street was in the appellants, Mr. and Mrs. Ayres, whose property consisted of a number of lots and portions of the beds of platted streets acquired by two separate conveyances from a common grantor. Their property consists of a strip of land from the river to Calvert Avenue in a north and south direction and lies eastward from the western line of Hance Avenue. It is improved by a ranch type house, two cottages, and a private road. One cottage is located partially in the bed of Hance Avenue and several septic tanks with dry wells are also partially so located.

From the western line of Hance Avenue, extending westward are several lots and portions of the beds of other platted streets owned by the appellee, Mr. Hellen. These lots were acquired by

three separate conveyances, and, like the property of appellants, form a piece of land from the Patuxent River north to Calvert Street. Lots nine, ten, and eleven front on Patuxent Avenue, a part of which has eroded away, and were conveyed by a common grantor through mesne conveyances to Hellen. Lot nine, upon which are located some partially constructed cottages, also abuts Hance Avenue.

The appellants have closed each street within the boundaries of their property, including Hance Avenue, and have denied the appellee access to this street and others not involved in this appeal. In fact, none of the streets, including Hance Avenue, has ever been opened, improved, or used since the plat of "Rousby on the Patuxent" was recorded in 1906, and there never has been an acceptance by any public authority of any dedication of these streets.

Appellee filed a bill in equity in which he sought a permanent injunction preventing appellants from closing and obstructing Hance Avenue between the Patuxent River and Calvert Street. The lower court held that the appellee had an easement by implied grant to use Hance Avenue and granted injunctive relief. In considering the equities, however, the court in its decree reserved to the appellants the right to maintain, in their present location, the cottage and the septic tanks and leaching wells, all of which encroach upon the easement.

We understand the contention of the appellants in this Court to be that while they concede that Hellen had an easement by implied grant, under our prior decisions, *Klein v. Dove,* 205 Md. 285, 107 A. 2d 82; *Hawley v. Baltimore,* 33 Md. 270, they argue that it has been lost through abandonment. In support of this they recite the facts that Hellen's predecessors in title did not exercise the right to use the easement, that appellee's grantor stood by while appellants built the cottage and sewerage units which now encroach upon the right of way, and that the appellee manifested his intent to abandon the easement when he began construction on lot nine of several as yet uncompleted cottages which face not on Hance Avenue, but upon a private roadway running through the property of a neighbor.

The intent to abandon is essential to the finding of abandonment. *Millson v. Laughlin,* 217 Md. 576, 588, 142 A. 2d 810.

However, the mere non-use of an easement where acquired by grant, even an implied grant, no matter for how long a time, does not operate as an abandonment thereof. *Knotts v. Summit Park Co.*, 146 Md. 234, 126 Atl. 280. The *Knotts* case, citing *Vogler v. Geiss*, 51 Md. 407, stands also for the proposition that the easement may be lost when the non-user is accompanied by some act indicating clearly and unequivocally an intention of the grantee to abandon it. (An easement may also be lost by adverse possession, but the prescriptive period not having run in this case, we are not concerned with that.)

The intent to abandon is strictly a question of fact, *Vogler v. Geiss, supra;* 3 Tiffany, *Real Property,* (3d ed. 1939), Section 825, and the burden of proof is upon the party asserting it. *Klein v. Dove, supra; Sachs & Sons v. Ward,* 182 Md. 385, 35 A. 2d 161. The chancellor found as a fact that such intent had not been proved and we cannot say his finding constituted reversible error. Maryland Rule 886 a. Even if appellee were chargeable with notice of his predecessor's act of standing by while the cottage and sewer system were being constructed, it does not necessarily follow that the appellants' acts acquiesced in were inconsistent with the future enjoyment of the easement. Indeed, appellee disclaimed any intention that the court require appellants to tear down or move the cottage.

The fact Hellen had other means of access in no way affects the easement. The other means consisted of a mere license to use a portion of a neighbor's property, revocable at the latter's whim, and the appellee was justified in not relying on that as a means of ingress and egress to and from the cottages he was constructing.

*Decree affirmed, with costs.*