WIGGINTON, Judge.
Appellees brought suit in the Circuit Court of Escambia County seeking a decree quieting their title to a strip of land lying between the western boundary of a. public street known as Bayou Boulevard in, Pensacola, Florida, and the eastern shore of Bayou Texar, a navigable body of water, which strip of land lies directly across Bayou Boulevard from lots owned by ap-pellees in a subdivision known as East Pensacola Heights. From a decree favorable to appellees, appellant has appealed..
Appellant first contends that the strip of land in question was offered for dedication-to the public as a public road by the original owners and developers of the subdivision through their recording of a plat of the subdivision, which offer was accepted by the public through use over a long period of time. By reason of the offer and acceptance of the dedication, appellant asserts that the disputed strip of land was not subject to adverse possession by appelleees and their predecessors in title as found by the chancellor, therefore, the decree which finds that appellees acquire title to the strip by adverse possession is erroneous and should be reversed.
The recorded plat of the subdivision, by reference to which title to the group of contiguous lots now owned by appellees was acquired, shows the property included there- *635 fin to be divided into lots and blocks separated by named streets, avenues and boulevards. The plat reflects an unnamed and •undesignated strip of land running north .and south along the western boundary of the subdivision between the platted lots and blocks on the east, and the meandering shoreline of Bayou Texar on the west. Ap-pellees’ predecessors pioneered the settlement of this subdivision, having purchased their property and built their home there in the early months of 1908. At that time few people lived in the immediate area of •appellees’ home and the wagon trail along .the disputed strip and adjacent to the western boundary of appellees’ property ■was infrequently used. The wagon trail "became more extensively used with the passage of time until it was finally graded and paved by the county and officially designated as Bayou Boulevard. As noted above, •this public street is not included in the prop•erty to which appellees’ title has been quieted, nor is it in any way affected by the ■decree appealed.
The chancellor found from the evidence that shortly after they built their home and moved upon the lots purchased by them, appellees’ predecessors in title went into possession of that part of the ■disputed strip of land lying between their property and the bayou, filled in swampy areas of it and constructed thereon valuable improvements. It was further found that possession of the disputed land by appellees and their predecessors had been open, notorious and continuous for a period of more than fifty years under a claim of right, thereby ripening into a valid fee simple title. We find competent substantial evidence in the record to support these findings.
The chancellor further found that although the recording of the plat might be held to be an implied offer to dedicate the disputed strip of land to public use, the evidence affirmatively establishes a lack of acceptance of such offer by the public except as to the right of way of the public street now known as Bayou Boulevard.
In the case of Mumaw v. Roberson [1] the Supreme Court, speaking through Mr. Justice Roberts, said that, “The proof of acceptance by the public of an offer of dedication must be ‘clear, satisfactory and unequivocal’.” Our review of the record in the case sub judice persuades us to the view that the chancellor was amply justified in concluding that the proof of acceptance by the public falls far short of meeting the standard set by the rule in Mumaw.
We have carefully considered the remaining point urged by appellant as grounds for reversal but find it to be without substantial merit. The decree appealed is accordingly affirmed
CARROLL, DONALD K., Acting C. J., and WILLIS, Associate Judge, concur.

. Mumaw v. Roberson, (Fla.1952) 60 So.2d 741.